**FILED & ENTERED**

**JUN 18 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SANDRA WILSON,<br><br>                    Debtor. | Case No.: 6:19-bk-12831-WJ<br><br>CHAPTER 7<br><br>**ORDER DENYING LIEN AVOIDANCE** |

Pursuant to 11 U.S.C. § 522(f) and LBR 9013-1(o), the debtor has filed a motion to avoid a judicial lien of American Contractor's Indemnity Company ("ACIC") on certain real property (docket entry number 16). The motion is hereby denied without prejudice for the following reasons:

    1.    The evidentiary record is insufficient to conclude that an impaired exemption exists. The motion pertains to real property but amended Schedule C does not list the address for any real property. The schedule asserts an exemption in a "homestead" but the "homestead" is not identified. No address is listed.

    2.    Service of the motion is insufficient:

        a)    Service is improper. Rule 4003-2(c)(1) of the Local Bankruptcy Rules ("L.B.R.") requires service that complies with Rule 7004 of the Federal Rules of

1   Bankruptcy Procedure ("F.R.B.P.") which (among other things) requires service upon the

2   creditor.  Service upon the attorney for the creditor (only) does not satisfy F.R.B.P. Rule

3   7004. <u>Beneficial Cal., Inc. v. Villar (In re Villar)</u>, 317 B.R. 88, 93 (9th Cir. BAP 2004)

4   (holding that service of a section 522(f) motion does not comply with Rule 7004(b)(3)

5   when the debtor failed to serve the creditor but did serve the attorney for the holder who

6   represented the creditor in state court and obtained the judgment and judgment lien against

7   the debtor); <u>see</u> <u>also</u> <u>In re Bolden</u>, 2014 Bankr. LEXIS 699 (Bankr. M.D.Fla 2014) (holding

8   that service of a 522(f) motion upon a creditor at "Main Street Acquisition Corp., 3715

9   Davinci Court, Suite 200, Norcross, GA 30092" did not comply with Rule 7004(b)(3) and

10  the additional service upon counsel for the creditor was insufficient).

11      b)   The motion seeks to avoid a lien of ACIC pursuant to section 522(f) but,

12  according to the proof of service, the motion was not served upon any officer of the

13  lienholder (or any other individual of ACIC).  Pursuant to F.R.B.P. Rule 7004(b)(3) and

14  7004(h), a moving party must serve the appropriate named officer of the lienholder.

15  Service that is not upon an officer is void. <u>Beneficial Cal., Inc. v. Villar (In re Villar)</u>, 317

16  B.R. 88, 93 (9th Cir. BAP 2004) (reversing an order granting lien avoidance under section

17  522(f) and holding that service of a 522(f) motion upon "Beneficial, P.O. Box 60101, City

18  of Industry, CA 91716-0101" did not comply with Rule 7004(b)(3) and stating that "service

19  was insufficient under the plain words of Rule 7004(b)(3).  In order to assure that the party

20  being served is apprised of the pendency of an action, valid service requires more than to

21  address the document to a post office box."); <u>Jacobo v. BAC Home Loans Servicing LP</u>,

22  477 B.R. 533 (D.N.J. 2012) (holding that a confirmed chapter 13 plan which sought to

23  cramdown a mortgage on real property was not binding upon the secured creditor because

24  the debtor failed to serve an officer as required by Rule 7004(h) and, instead, only served

25  the creditor as follows: "BAC Home Loans/Countrywide 450 American Street, #SV416

26  Simi Valley, CA 93065, and Bank of America, 4161 Piedmont Pkwy NC4-105-01-34,

27  Greensboro, NC 27410-8119."); <u>York v. Bank of America, N.A. (In re York)</u>, 291 B.R.

28  806, 811 (Bankr. E.D. Tenn. 2003) (holding that "the original summons was not addressed

1  to an officer by either name or title. As a result, it was not proper service under Rule

2  7004(b)(3)."); <u>Braden v. General Motors Acceptance Corp.</u>, 142 B.R. 317 (Bankr. E.D.

3  Ark. 1992) (holding that service of a complaint by a debtor upon "the defendant General

4  Motors Acceptance Corporation . . . at 'P.O. Box 988, Blytheville, AR 72315'" failed to

5  comply with Rule 7004(b)(3)); <u>see also</u> <u>In re Bolden</u>, 2014 Bankr. LEXIS 699 (Bankr.

6  M.D.Fla. 2014) (holding that service of a 522(f) motion upon "Main Street Acquisition

7  Corp., 3715 Davinci Court, Suite 200, Norcross, GA 30092" did not comply with

8  Rule 7004(b)(3) because no officer or individual was served); <u>In re St. Louis</u>, 2013 Bankr.

9  LEXIS 3397 (Bankr. W.D. Tex. 2013) (holding that the debtor failed to comply with Rule

10 7004 when it served an objection to a claim as follows: "Home Loan Services, Inc. c/o

11 Home Loan Services, Inc., PA9150-01-01, at 150 Allegheny Center, Pittsburgh, PA 15212"

12 because no officer or individual was served); <u>In re Smith</u>, 2012 Bankr. LEXIS 6174, *13

13 (Bankr. E.D. Cal. 2012) (holding that a debtor who served a motion to extend the automatic

14 stay failed to comply with Rule 7004(h) because the debtor served the motion upon "'Wells

15 Fargo Home Mortgage/ACS' by First Class Mail, not addressed to the attention of an

16 officer, and sent to a Post Office Box in Des Moines, Iowa."); <u>In re Sunde</u>, 2007 Bankr.

17 LEXIS 3704, *5 (Bankr. W.D. Wis. 2007) (holding that service of an objection to claim to

18 "Glen E. Johnson Construction, 634 Commerce Drive, Hudson, WI 54016-9178" did not

19 satisfy Rule 7004(b)(3) – even though the movant used precisely the information listed in

20 the proof of claim – because the debtor failed to serve it upon an officer or agent); <u>In re Sun

21 Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.)</u>,

22 2004 Bankr. LEXIS 572, *18 (Bankr. D.Del. 2004) (granting a motion to set aside default

23 judgments because the debtor plaintiff did not serve an officer of the defendant and only

24 used a post office box and stating "the Debtors have admitted serving Mead only at P.O.

25 Box 751735, Charlotte, NC 28275, without addressing the documents to the attention of

26 any officer, managing or general agent of Mead. Mead asserts that this address is a lockbox

27 to receive payments, which is maintained and administered by a bank . . . Failure to address

28

the service of process to the attention of an officer or agent of Mead violates the statutory requirements of Bankruptcy Rule 7004(b)(3).").

3. If a new motion is filed, the following general matters should be considered whenever any section 522(f) motion is filed:

  a) Use the Court forms for 522(f) lien avoidance motions such as F 4003-2.1.AVOID.LIEN.RP.MOTION, F 4003-2.2.AVOID.LIEN.PP.MOTION, etc.

  b) L.B.R. Rule 4003-2(c)(1) requires service that complies with F.R.B.P. Rule 7004 which (among other things) requires service upon the creditor. The moving party should serve both the creditor and counsel of record. Serving counsel for a lienholder only is not sufficient. See L.B.R. Rule 4003-2(c)(2) and F.R.B.P. Rule 7004(b); Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004) (holding that service of a section 522(f) motion does not comply with Rule 7004(b)(3) when the debtor failed to serve the creditor but did serve the attorney who represented the creditor in state court and obtained the judgment and judgment lien against the debtor).

  c) When serving the creditor, serve the creditor at the address in the abstract of judgment and, in addition, the agent for service of process for the creditor (which can usually be obtained from the California Secretary of State website). See, e.g., F.R.B.P. Rule 7004(b)(3) & (8).

  d) When serving counsel for the creditor, use the address on the abstract of judgment and, if known, any more recent address. If the identity of counsel has changed, serve the attorney identified in the abstract as well as new counsel.

  e) Entities insured by the Federal Deposit Insurance Corporation must also be served in the additional manner required by F.R.B.P. Rule 7004(h).

  f) If the creditor has filed a proof of claim, serve the creditor at the designated address on the proof of claim (in addition to the other service listed above). See F.R.B.P. Rule 2002(g)(1)(A).

  g) Serve the motion upon all lienholders and each attorney for each lienholder. See L.B.R. Rule 4003-2(c)(2).

      h)      When serving businesses pursuant to F.R.B.P. Rule 7004(b)(3) or 7004(h) or other applicable rules, do not serve unnamed officers. Officers must be served by name. See In re Schoon, 153 B.R. 48 (Bankr. N.D. Cal. 1993).

      i)      Attach a recorded copy of the abstract of judgment to the motion.

      j)      Submit a declaration with the motion that authenticates all exhibits to the motion.

      k)      The most effective method for submitting evidence of the value of real property is to submit an appraisal with a declaration of the appraiser which discusses the appraiser's credentials, provides an opinion of value and authenticates the written appraisal.

IT IS SO ORDERED.

###

Date: June 18, 2019

Wayne Johnson
United States Bankruptcy Judge